**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4558**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON LEE LACKEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Lacy H. Thornburg, District Judge. (CR-03-64)

———————

Submitted: October 31, 2005      Decided: December 20, 2005

———————

Before WILKINSON, LUTTIG, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant. Thomas R. Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shannon Lee Lackey appeals his conviction and sentence for one count of conspiracy to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). Lackey's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Although concluding that such allegations lack merit, counsel asserts that the district court erred in denying trial counsel's motion to withdraw and that Lackey received ineffective assistance of counsel. Lackey filed a pro se supplemental brief. Finding no reversible error, we affirm.

We first find that the district court did not abuse its discretion in denying trial counsel's motion to withdraw. Moreover, there is no evidence of prejudice from this denial. Neither Lackey nor counsel raised any concerns about their relationship or quality of representation during the plea hearing. Lackey answered all questions about his satisfaction with counsel's advice in the affirmative, stating that he was "entirely satisfied" with the services of his attorney.

Next, we find that Lackey's ineffective assistance of counsel claim is not properly raised on direct appeal. Claims of ineffective assistance are not cognizable on direct appeal unless conclusively established on the record. United States v.

Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find no evidence of trial counsel's ineffectiveness on the record presented.

With regard to the remaining issues raised in Lackey's pro se supplemental brief, we find his claims to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lackey's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED